IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR C-09-785M |
| | § | |
| BILLY FEAMSTER | § | |

## MEMORANDUM OPINION AND JUDGMENT

Defendant, Billy Feamster, was cited for a parking violation at the Padre Island National Seashore. (D.E. 1). Because this incident occurred on a national park, jurisdiction is proper in this Court. 18 U.S.C. § 7; 16 U.S.C. § 459d. A bench trial was held on September 16, 2009.

## TRIAL TESTIMONY

The Government called United States National Park Service Ranger Louis Wheeler. He testified that he has worked for the Park Service as a ranger since March 1993. Additionally, he has worked in state law enforcement as well as in the military for over eighteen years. During his work as a park ranger, he has routinely issued traffic citations.

Padre Island National Seashore includes a recreation area called Bird Island Basin that has a boat ramp. The Bird Island Basin has a parking lot that has places for 106 vehicles with trailers for using the boat ramp. At the entrance to this parking lot, a sign indicates that there are 106 such spaces. Posted throughout the lot are signs that read "Vehicle Trailer Combination Parking Only." Ranger Wheeler testified that there were approximately eight such signs throughout the lot. He further explained that the purpose of the area was to provide parking predominantly for people who brought their boats by trailer for launching into the water.

At one end of the Bird Island Basin parking lot, there are four spaces for single vehicles with signs indicating that they are vehicles without trailers. There are painted lines on the ground that are

approximately the length of a single vehicle.  Ranger Wheeler acknowledged that there was no sign upon entering the Bird Island Basin boat ramp lot indicating the number of parking spaces for singular vehicles.

Ranger Wheeler also admitted that there was no lights in the parking lot.  There had previously been a large street light, but it was stolen.  There was never any lighting on the individual signs posted throughout the parking lot.

When people enter the Padre Island National Seashore, they are provided with a copy of the regulations regarding parking in Bird Island Basin.  Gov't Ex. 1.  These regulations explain that parking in the boat ramp lot is "on a first come - first serve basis."  Id.  "Once these spaces are filled the parking lot will be closed to parking.  Alternative parking is available at the Malaquite Visitor Center Parking Lot."  Id.

Adjacent to the Bird Island Basin parking lot is a wilderness area that provides campsites as well as parking for single vehicles of people who windsurf, kayak, or fish in the bay.  According to Ranger Wheeler, this parking area is about fifty yards from the Bird Island Basin boat ramp parking lot and accessible by a well-worn footpath.

On June 23, 2009, Ranger Wheeler was on patrol in the Bird Island Basin boat ramp parking lot.  He noticed a silver Toyota Tacoma registered to Mr. Feamster parked improperly.  Consequently, he issued Citation No. 1833959 pursuant to 36 C.F.R. § 1.5(a) for parking in an area reserved for vehicles with trailers.   (D.E. 1).

On cross-examination, Ranger Wheeler acknowledged that the sign on Bird Island Basin Road leading to the boat ramp parking lot indicated that "Windsurfing" was in one direction and that the "Boat Ramp" was in another direction.  Although boats cannot operate in the windsurfing area,

people can launch their kayaks anywhere in the area.

Mr. Feamster testified that he arrived at Padre Island National Seashore between 5:00 and 6:00 on the morning of June 23, 2009. It was his first visit to the park. He and his friend were planning on kayaking and fishing. When they arrived, there was no one on duty at the park entrance post and no one around to ask questions. Moreover, they did not receive a copy of the Bird Island Basin parking regulations.

Mr. Feamster drove to the boat ramp parking lot because he believed that was the appropriate lot for him given that he had a kayak. The four spots for single vehicles were all occupied. Because there was no spaces for their vehicles, he and his friend parked their two vehicles in a single space reserved for a vehicle towing a trailer. Mr. Feamster admitted that he knew he was not supposed to park where he was ticketed.[1] He indicated that he and his friend tried to do it in a manner as considerate as possible by only utilizing one full combination space. He testified that there were remaining vacant spaces, but admitted that he understood the parking lot could become completely full.

Mr. Feamster testified that the signs restricting parking by single vehicles were small. He estimated that they were eight inches by ten inches in size. Moreover, he indicated that they were about 500 feet apart from each other.

After Mr. Feamster received his citation, he approached a park ranger. This ranger told him he should have parked in the windsurfing area with his kayak.

---

[1] Mr. Feamster's friend also received a citation for improperly parking his vehicle in a space reserved for a vehicle with a trailer.

**DISCUSSION**

The National Park Service has issued regulations that permit limitations on public use of park property. At issue here are regulations that close a portion of the Bird Island Basin boat ramp parking lot to parking by vehicles without trailers. See 36 C.F.R. § 1.5(a). The evidence supports a finding that Mr. Feamster violated the park regulations and improperly parked his vehicle.

First, Mr. Feamster admitted that he parked in an area reserved only for vehicles with trailers and that he did not have a trailer. See Stecher v. State, 371 S.W.2d 568, 569-70 (Tex. Crim. App. 1963) (defendant's admission that he parked his car in a loading zone supports conviction). Moreover, he testified that he saw the area for parking single vehicles, but that the spots were all occupied. Consequently, he parked his vehicle in a space reserved for vehicles with trailers.

Mr. Feamster asserts that he had never been to Bird Island Basin before and thus was unfamiliar with the parking rules and regulations. He cannot be exonerated from his parking violation simply because he has never been to this national park. See Hall v. State, 935 S.W.2d 852, 854 (Tex. App. 1996).

Moreover, Mr. Feamster suggests that he is not culpable because the posted signs were inadequate. This argument ignores the fact that he knew there was a designated parking area for vehicles without trailers. Moreover, it does not account for the fact that there were eight signs indicating parking only for vehicles with trailers posted throughout the parking lot. See Marsh v. State, 613 S.W.2d 294, 297 (Tex. Crim. App. 1981) (en banc) (undisputed testimony about the existence of a sign may support conviction); accord Guzman v. State, 760 S.W.2d 776, 777 (Tex. App. 1988) (citations omitted).

National Park Service regulations dictate that "[a] person convicted of violating any provision of the regulations [concerning parking] ... shall be punished by a fine as provided by law

and shall be adjudged to pay all costs of the proceedings." 36 C.F.R. § 1.3(c) (citing 16 U.S.C. § 462). Congress has established that "[a]ny person violating any of the [National Park Service] rules and regulations ... shall be punished by a fine of not more than $500 and be adjudged to pay all costs of the proceedings." 16 U.S.C. § 462(k).

## CONCLUSION

The government has met its burden and the defendant is found guilty of improperly parking his vehicle at the Bird Island Basin parking lot in an area reserved only for vehicles with trailers. Accordingly, he is fined $150.00 and assessed the $25.00 processing fee. Defendant is ordered to pay $175.00 to the Clerk of the Court no later than December 18, 2009.

ORDERED this 18th day of September 2009.

                                                                      _____
                                                                      BRIAN L. OWSLEY
                                                                      UNITED STATES MAGISTRATE JUDGE

NOTICE OF RIGHT TO APPEAL

The Clerk will file this Decision and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Decision, defendant may appeal the conviction or the sentence imposed to the District Court.  See Fed. R. Crim. P. 58(c)(4); see also 18 U.S.C. § 3402.  In order to appeal the conviction or the sentence, defendant must file a notice of appeal within **TEN (10) DAYS** with the Clerk of the Court and specify the judgment being appealed.  Fed. R. Crim. P. 58(g)(2).  Defendant must also serve a copy of the notice of appeal on the attorney for the government.  Id.  An appeal to the District Court requires a filing fee of $32.00.  If defendant is unable to afford to appeal this Decision to the District Court, then defendant may file a motion to proceed *in forma pauperis*.